**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BELLA MARIE PECHON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-0664** |
| **LOUISIANA DEPARTMENT OF HEALTH** | **MAGISTRATE JUDGE** |
| **AND HOSPITALS; ALAN LEVINE** | **KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is a **Motion for New Trial, Relief from Judgment, and to Set Aside Orders of Magistrate Judge (Rec. Doc. No. 28)** filed by the Plaintiff, Bella Marie Pechon ("Pechon"), seeking relief under Fed.R.Civ.P. 59(a)(1)(B), Fed.R.Civ.P. 59(e), and Fed.R.Civ.P. 60(b)(6). Pechon argues that she entitled to relief from the Court's order granting the Defendants', Louisiana Department of Health and Hospitals and Alan Levin (collectively, "the Defendants") Motion to Dismiss and the awarding of attorney's fees. The Defendants have not filed an opposition. Upon review of the entire record, the Court has determined that this matter can be disposed of without conducting an Evidentiary Hearing.

## I.    Background

On January 16, 2008, Pechon filed a Complaint alleging that her claims against the defendants arose under "(1) the Due Process Clause of the first section of the Fourteenth Amendment to the United States Constitution; (2) §1 of the Act of April 20, 1871, ch. 22, 17 Stat. 13, *as statutorily codified* in Rev. Stat. § 1979 (2d edn. 1878), and *codified as* 42 U.S.C. § 1983, *as*

*amended by* §1 of the Act of December 29, 1979, Public Law 96-270, 93 Stat. 1284, and §309(c), title III, of the Act of October 19, 1990, Public Law 104-317, 110 Stat. 3853; and the federal and state Age Discrimination in Employment Acts, [29][1] U.S.C. §§ 621 et seq., and La. Rev. Stat. 23:311 et seq."[2] Pechon also sought "declaratory relief under 28 U.S.C. §§ 2201 and 2202, and mandatory injunctive relief under 28 U.S.C. § 1361."[3]

Pechon alleges that she began her employment with the Louisiana Department of Education on March 15, 2004, as a Secretary with Southeastern Louisiana University.[4] She alleges that she was eventually promoted to the position of Student Enhancement Services Administrative Assistant 2 on February 14, 2006.

According to Pechon, she was later "promotionally transferred" to the Hammond Developmental Center on June 19, 2006, as a probationary employee in the position of Active Treatment Administrative Coordinator III.[5] Pechon alleges that, because she had been promotionally transferred to the Hammond Developmental Center, her actual employment status was that of a permanent employee. She claims that her work performance was satisfactory and she did not receive any adverse employment actions or criticisms from her supervisor. She further alleges that she was told by her supervisor that she would receive a merit raise and that she would be given a rating session in December. However, Pechon claims that this session never took place.

---

[1] In the Complaint, Pechon incorrectly refers to the Age Discrimination in Employment Act ("ADEA") as **42 U.S.C. § 621 et seq.** However, the proper citation for this statute is **29 U.S.C. § 621 et seq.**

[2] Rec. Doc. No. 1, ¶ 1.

[3] *Id.*

[4] Rec. Doc. No. 1, ¶ 4.

[5] *Id.*

On January 17, 2007, Pechon purportedly was given a termination letter without any warning.[6] She complains that the letter failed to state the reason for her termination and failed to advise her of the time period within which to exercise any rights to appeal or review of the termination decision. However, Pechon concedes that she eventually received a Form LDOL 77 Separation Notice Alleging Disqualification, which was dated January 20, 2007. Still, she asserts that the Separation Notice also did not inform her of the reasons for her termination or of her allotted time-period to exercise any appeal or review rights.

Pechon alleges that the real reason for her dismissal was discrimination based upon her age, which was 57 at the time.[7] She also notes that she was treated as a probationary employee, despite the fact that she was factually and legally a permanent employee under the Louisiana Civil Service system.

On April 13, 2007, Pechon filed a Notice of Appeal with the Louisiana Civil Service Commission challenging her termination.[8] She indicates that her appeal was denied as untimely on July 24, 2007. Pechon alleges that the Commission overlooked the fact that "she was the subject of discrimination due to not being given the benefit of the Civil Service processes and forms."[9]

Pechon claims that the Louisiana Department of Health and Hospitals, and "Secretary Townsend,"[10] violated her due process rights by not providing her with sufficient information

---

[6]Rec. Doc. No. 1, ¶ 5.

[7]Rec. Doc. No. 1, ¶ 6.

[8]Rec. Doc. No. 1, ¶ 7.

[9]*Id.*

[10]As noted in this Court's prior opinion, Pechon's Complaint incorrectly refers to "Secretary Townsend," as a responsible party in the body of the Complaint. Presumably this reference is to Dr. Roxane Townsend, the former Secretary of DHH. The Court notes that, while Pechon names Secretary Alan Levine in the caption of her Complaint

regarding her appeal rights and review of her termination from a job which was a protected property-right.[11] She also claims that these Defendants violated her rights under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*.,[12] and Louisiana Employment Discrimination Law ("EDL"), La. Rev. Stat. Ann. § 23:311 *et seq*., by terminating her based on her age in a discriminatory and invidious manner.[13]

As relief for these alleged wrongs, Pechon seeks as damages front-pay, back-pay from the date of termination, and unspecified damages under the Civil Rights Act of 1871, under § 1983, and under federal and state Age Discrimination in Employment Acts, as a result of their violation of her Due Process rights, "as well as equitable relief."[14] She further seeks a declaratory judgment that her termination violated the Due Process Clause of the Fourteenth Amendment and federal and state age discrimination laws and "other and further relief as may [sic] deemed just and equitable under the circumstances, as well as costs of suit, including a reasonable attorney-fee under 42 U.S.C. § 1988."[15]

On July 1, 2008, the Defendants filed a Motion to Dismiss (Rec. Doc. No. 9) seeking dismissal of Pechon's Complaint on the grounds that the Court lacks subject matter jurisdiction over some or all of the claims raised in the Complaint. The Defendants argued that Louisiana Department of Health and Hospitals and Secretary Levine are entitled to Eleventh Amendment immunity from

---

and in the party listing on page 2 of the Complaint, she fails to make any reference to him in the body of the Complaint.

[11] Rec. Doc. No. 1, ¶ 8.

[12] *See* footnote one above re: error in plaintiff's statutory reference.

[13] Rec. Doc. No. 1, ¶ 9.

[14] Rec. Doc. No. 1, ¶¶ 11, 12.

[15] Rec. Doc. No. 1, pp. 4-5, Demand for Judgment.

suit and that Pechon failed to state a claim upon which relief may be granted against either of the named Defendants. In addition, the Defendants argued that Pechon's age discrimination claims should be dismissed because she failed to exhaust administrative remedies prior to filing this suit. The defendants also moved to recover reasonable attorney's fees under 42 U.S.C. § 1988. Pechon opposed the motion.

On January 15, 2009, the Court granted the Defendants' motion, finding that the State and Secretary Levine, in his official capacity, enjoyed absolute immunity from suit under the Eleventh Amendment, finding *inter alia* that Pechon did not meet the *Ex Parte Young* exception. The Court also held that Pechon had failed to assert any factual allegation about Levine in the Complaint. As such, the Complaint failed to state a claim against Levine in his individual capacity, because Pechon could not pursue a claim against him under § 1983 on a theory of respondeat superior and she otherwise failed to state any personal involvement by him in her termination or in a policy decision for which he could be held liable.

In addition, the Court determined that Pechon failed to establish sufficient facts on which to base an age discrimination claim and that she failed to exhaust available remedies through the EEOC before filing the instant lawsuit. In doing so, the Court also rejected Pechon's assertion that she could urge an age discrimination claim under § 1983 aside from the ADEA, finding that it provided the exclusive remedy. The Court granted the Defendants request for attorneys' fees as the prevailing party under § 1988.

As noted above, Pechon has now filed this motion pursuant to Fed.R.Civ.P. 59(a)(1)(B) and (e) and Fed.R.Civ.P. 60(b)(6) alleging the following grounds for relief: (1) the Complaint provided legally sufficient claims for relief under the statutory references provided; (2) the Complaint was

supported by more than adequate law and fact and the law allows for legal and equitable relief against state officials, in their official and/or individual capacities, when acting under color of state law to violate a person's constitutional rights; (3) the court does not lack subject matter jurisdiction under the Eleventh Amendment based on exceptions to *Ex Parte Young*, 209 U.S. 123 (1908) and its progeny; (4) the finding of the Complaint to be frivolous was an abuse of discretion; (5) Pechon is entitled to bring a claim of age discrimination under the Civil Rights Act of 1871 without need for exhaustion of administrative remedies with the EEOC under the federal ADEA, since exhaustion is not jurisdictional; (6) the Court's instruction that the motion for attorneys' fees be set without a hearing was an abuse of discretion; and (7) because the Court's ruling should be vacated, the defendants are not prevailing parties to whom attorneys' fees should be awarded. These grounds are further discussed in the rather acrimonious memorandum submitted by Pechon's counsel.

## II.    Standards of Review

Pechon seeks a new trial pursuant to Fed.R.Civ.P. 59(a)(1)(B) and to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Although the Court has not yet entered judgment, the Court can and will consider Pechon's motion. *Swift v. State Farm Mut. Auto. Ins. Co.*, 796 F.2d 120, 122 (5th Cir. 1986) (Fed. R. Civ. P. 59(b) requires only that motions for a judgment not withstanding the verdict or for new trial be served not later than ten days after the entry of judgment; they do not prohibit the filing of such motions before entry of judgment); *Greater Houston Chapter of the ACLU v. Eckels*, 755 F.2d 426, 427 (5th Cir. 1985).

### A.    Fed. R. Civ. P. 59(a)(1)(B) and 59(e)

Rule 59(a)(1)(B) provides, in relevant part, that "[t]he court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows: . . . (B) after a nonjury trial, for any

reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed.R.Civ.P. 59(a)(1)(B). "A motion for new trial in a non-jury case or a petition for rehearing should be based upon manifest error of law or mistake of fact; a judgment should not be set aside except for substantial reasons." (citation omitted) *Genova v. Town of Independence*, No. Civ. A. 97-726, 1998 WL 337891, at * 1 (E.D. La. June 22, 1998).

Pechon also characterizes her motion as a motion to alter or amend the judgment under Rule 59(e), despite the fact that she titled her motion as a "Motion for New Trial, Relief from Judgment and to set aside Orders of Magistrate Judge." A Rule 59(e) motion to amend a judgment "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (*quoting In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also*, *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

Thus, "[t]o obtain relief under Rule 59(e), the movant must: (1) show that its motion is necessary to correct a manifest error of law or fact; (2) present newly discovered or previously unavailable evidence; (3) show that its motion is necessary to prevent manifest injustice; or (4) show that its motion is justified by an intervening change in the controlling law." (citation omitted) *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479. The

Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

In connection with a Rule 59 motion, "manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004); *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp.2d 698, 713 (N.D. Tex. 1998) ("a manifest error is an obvious mistake or departure from the truth") (internal quotation omitted).

**B.      Fed. R. Civ. P. 60(b)(6)**

Fed. R. Civ. P. 60(b)(6) allows relief from a judgment based on "any other reason justifying relief from the operation of the judgment." The disposition of a motion under Fed.R.Civ.P. 60(b) is left to the sound discretion of the trial court. *Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996). The rule has its main application in those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. *Swift Chem. Co. v. Usamex Fertilizers*, 490 F. Supp. 1343, 1349-1350 (E.D. La. 1980) (*quoting Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir. 1977)). Weighing against the grant of a Rule 60(b) motion is the need to uphold the finality of judgments, especially when the claims urged are not meritorious, and to avoid injustice to the movant and the opposing party. *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993); *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980); *Swift Chem. Co.*, 490 F. Supp. at 1350.

The United States Supreme Court also has held that for relief from judgment under Rule 60(b)(6) to be granted, "extraordinary circumstances" must be present. *Ackerman v. United States*, 340 U.S. 193 (1950). Thus, in *Edward H. Bohlin Co.*, the Fifth Circuit recognized several factors

to be considered when addressing a Rule 60(b) motion: (1) final judgments should not lightly be disturbed; (2) the rule is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to do substantial justice; (4) the timeliness of the motion; (5) whether the interest in deciding the case on the merits outweighs the interest in finality of the judgment and there is merit in the movant's claims; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factor relevant to the justice of the judgment under attack. To that end, Rule 60(b) "must be equitably and liberally applied to achieve substantial justice." 6 F.3d at 356; *Blois*, 612 F.2d at 938; *see also*, *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965).

### III.   <u>Analysis</u>

Considering all of Pechon's arguments, she has failed to establish any manifest error, injustice, new law, or evidence under either Rule 59(a)(1)(b) or (e) or an extraordinary basis upon which to grant the motion under Rule 60(b)(6). In reaching this conclusion, the Court has determined that Pechon's motion and supporting memorandum are based in three basic arguments.

First, Pechon argues that the Complaint provided the statutory or legal basis for claims and provided adequate law and fact to state a non-frivolous claim against the defendants in their official and/or individual capacities. Second, she also argues as subparts of the first, the court does not lack subject matter jurisdiction under the Eleventh Amendment based on an exception to *Ex Parte Young*, and its progeny, and Pechon was entitled to bring a claim of age discrimination under the Civil Rights Act of 1871 as eventually codified under § 1983 without need for exhaustion of administrative remedies with the EEOC under the federal ADEA. Third, Pechon urges that the

Defendants do not qualify as prevailing party's for purposes of awarding attorneys' fees. None of these arguments are persuasive.

### A.    The Court Used the Proper Standard of Review for Fed. R. Civ. P. 12(b)(1), (6)

Before addressing each argument, the Court notes that, as one underlying theme, Pechon argues that the Court relied upon the incorrect standard of review in addressing the Defendants' motion. Although counsel for Pechon argues that the cases to which the Court cites are not Title VII cases, he overlooks the fact that the standard stated is that which the United States Supreme Court applies to all motions to dismiss, without distinction to the nature of the underlying claims.

As noted in the Court's Order and Reasons granting the Defendants' motion to dismiss, motions brought pursuant to Rule 12(b)(1) and 12(b)(6) are considered under the same basic standard. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). That standard requires the Court to accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b) motion to dismiss, however, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review as set forth in *Bell Atl. Corp*.). "Factual allegations must be enough to raise a right to relief above the speculative level on the ASSUMPTION THAT ALL THE ALLEGATIONS in the Complaint are true (even if doubtful in fact)." (emphasis in original) 550 U.S. at 555-56 (quotation marks, citations, and footnote omitted).[16]

---

[16]Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id*. at 556. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In fact, the Supreme Court, in *Bell Atlantic Corp*., specifically reconciled this standard with that previously applied to employment discrimination suits in *Swierkiewicz v. Sorema N.A.*, where the Court forbade a heightened pleading requirement in employment discrimination cases. 534 U.S. 506, 508 (2002). The Court specifically held that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp*., 550 U.S. at 570. Thus, where a plaintiff has not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. That is the finding made by this Court in relation to Pechon's Complaint.[17]

## B.     Pechon Failed to State a Claim for Which Relief Can be Granted

Pechon argues that the Complaint, at paragraph one, sets for the statutory basis for her claims, which are indicated as follows in the instant motion for relief from judgment:[18] "§1 of the Civil Rights Act of 1871, Act of April 20, 1871, ch. 22, 17 Stat. 13, as *statutorily codified* in Rev. Stat. § 1979 (2d edn. 1878), and *codified as* 42 U.S.C. § 1983, *as amended by* §1 of the Act of December 29, 1979, Public Law 96-270, 93 Stat. 1284, and §309(c), title III, of the Act of October 19, 1990, Public Law 104-317, 110 Stat. 3853, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution." (emphasis in original).

For some unapparent reason, counsel for Pechon conveniently leaves off the reference in paragraph one of the Complaint to "the federal and state Age Discrimination in Employment Acts,

---

[17]Pechon also references discovery responses purportedly forwarded to the Defendants prior to the resolution of the motion to dismiss. These matters would not have been appropriate for consideration in connection with a Rule 12(b)(6) motion since they were not component to the Complaint itself. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). These also are not sufficient to establish that some misrepresentation occurred on the part of the Defendants in filing the motion.

[18]Rec. Doc. No. 28, p. 1, ¶1.

[29] U.S.C. §§ 621 et seq., and La. Rev. Stat. 23:311 et seq."[19] Counsel also <u>adds</u> in something not appearing in paragraph one of the Complaint, the "Equal Protection Clause[] of the Fourteenth Amendment to the Constitution."[20]

In reality, disregarding the superfluous references to certain Acts, the legal bases for Pechon's claims as set forth in the Complaint itself are those under 42 U.S.C. § 1983, urging due process violations and discrimination in employment based on age, and under the federal and state age discrimination laws, 29 U.S.C. § 621 *et seq*., and La. Rev. Stat. Ann. § 23:311 *et seq*.

In order to survive the Defendants' motion to dismiss, the Complaint had to be sufficient to state a plausible claim for which relief could be granted under these provisions. The Court found that it was not, and Pechon has not shown that the decision was based on manifest error or otherwise unjust to warrant relief from that decision.

### 1. Pechon Failed To State a Claim Against the State of Louisiana or Secretary Levine, in his official capacity, under § 1983

Pechon argues in this motion that her claims against the Defendants under § 1983 are not barred by the Eleventh Amendment because they are based on age discrimination and because they meet an exception to the immunity doctrine under *Ex Parte Young*.

The Defendants motion to dismiss in this regard was based on the Court's lack of jurisdiction to consider civil rights claims under § 1983 against the State or its officer in his official capacity under the Eleventh Amendment immunity doctrine, also referred to as sovereign immunity. As set forth above, Pechon in part contends that the Defendants violated her due process rights and discriminated against her, based on age, creating liability under § 1983. Thus, Pechon invoked

---

[19]*Compare* Rec. Doc. No. 28, p. 1, ¶1 to Rec. Doc. No. 1, p.1, ¶1-2.

[20]*Id.*

federal subject matter jurisdiction via federal question under 28 U.S.C. § 1331.[21]  The Court's jurisdiction is therefore subject to the limitations in the Eleventh Amendment.

   a.      **Eleventh Amendment Immunity and the Department of Health and Hospitals**

   The Eleventh Amendment to the United States Constitution reads as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  While unapparent from the text, it is well established that this immunity extends to suits brought against a state by its own citizens.  *See Hans v. Louisiana*, 134 U.S. 1, 16-21 (1890).  The Supreme Court has repeatedly held that the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his or her own state.  *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986).  This doctrine of sovereign immunity founded in the Eleventh Amendment has been recognized, applied, and enforced by the United States Supreme Court for over one hundred years to reject suits brought against the various States in federal court.[22]

   The Louisiana Department of Health and Hospitals is a department within the Louisiana state government.  La. Rev. Stat. Ann. § 36:251; *Johnson v. Easley*, No. 01-3325, 2003 WL 203103 at

---

   [21]"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998) (citations omitted). Jurisdiction under § 1331 is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States.  *Arbaugh v. Y & H Corporation*, 546 U.S. 500 (2006).  "The assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ."  *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)).

   [22]See cases cited hereafter.

*2 (E.D. La. Jan. 29, 2003); *see Darlak v. Bobear*, 814 F.2d 1055 (5th Cir. 1987). For Eleventh Amendment purposes, the Department is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds. *See Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, a suit against the Department is suit against the State of Louisiana, which gives privy to the Eleventh Amendment immunity doctrine. *Johnson*, 2003 WL 203103, at *2.

The Eleventh Amendment does not allow the states, however, to disregard the Constitution or valid federal law. *Alden v. Maine*, 527 U.S. 706, 754-55 (1999). Thus, two constitutional principles limit state sovereign immunity. *Black v. North Panola Sch. Dist.*, 461 F.3d 584 (5th Cir. 2006) (citing *Alden*, 527 U.S. at 754-55). First, states are immune from suit per the Eleventh Amendment unless they have given their consent to be sued. *Id*. Where, on its own initiative, a state enacts a statute that consents to suit, it abandons sovereign immunity. *Id*. An exception to this also exists under § 5 of the Fourteenth Amendment, which provides that states cannot prohibit individuals from bringing private suits in state court under 42 U.S.C. § 1983. *Id*. (citing *Alden*, 527 U.S. at 756). This exception would not apply in this case which has been brought in federal court.

Second, state sovereign immunity prohibits private suits against States but not against lesser entities. *Alden*, 527 U.S. at 756. Eleventh Amendment immunity does not extend to suits prosecuted against municipalities or other governmental entities that are not considered arms of the state. *Id*. The issue of immunity is raised here by the State and its agent or agencies. Thus, this condition also does not apply since suit is brought against the State.

Thus, the only means of avoiding the Eleventh Amendment prohibition in this civil rights case brought in part under § 1983 would be if the state has expressly waived Eleventh Amendment

sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dept. of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, as is apparent from the motion to dismiss, the State of Louisiana has not done so. Furthermore, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." The record reflects no indication that the State or the Department have otherwise expressly waived immunity. This civil rights suit against the Louisiana Department of Health and Hospitals is barred by the Eleventh Amendment.

### b. **Eleventh Amendment Immunity and Secretary Levine, in His Official Capacity**

Pechon also named Secretary Levine as a defendant in his official capacity. A state actor is not, in his official capacity, considered to a person for purposes of suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). In keeping with its long-standing doctrine, the Supreme Court has held that, when a state actor, like Secretary Levine, is sued in his official capacity, the action is considered one taken against the department he represents. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978).

Therefore, in this case, suit against Secretary Levine in his official capacity is suit against the agency he represents, which is the Louisiana Department of Health and Hospitals. As discussed above, the Department is an entity within the Louisiana state government and it enjoys Eleventh Amendment immunity. Therefore, suit against the Secretary Levine, in his official capacity, is suit against the State of Louisiana, which is prohibited by the Eleventh Amendment as resolved above.

### c. **No *Ex Parte Young* Exception Applies under § 1983 in this case**

The Court has already addressed Pechon's argument regarding the *Ex Parte Young* exception to the Eleventh Amendment in the original Order and Reasons, explaining why no exception exists here. In denying this motion for relief from that ruling, the Court will reiterate to establish that no manifest error of law or other injustice was made.

In *Ex Parte Young*, the Supreme Court carved out an exception to Eleventh Amendment immunity. The Court held that enforcement of an unconstitutional law is not an official act because a state can not confer authority on its officers to violate the Constitution or federal law. *See American Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 920-21 (5th Cir. 1993). Therefore, the Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that the state officials act in violation of federal law. *Ex Parte Young*, 209 U.S. at 155-56; *Edelman*, 415 U.S. at 664; *Brennan v. Stewart*, 834 F.2d 1248, 1252 (5th Cir. 1988).

In *Edelman*, the Supreme Court made clear that under § 1983 "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief . . . and may not include a retroactive award which requires the payment of funds from the state treasury." *Edelman*, 415 U.S. at 677. In a clear reliance upon *Ex Parte Young*, the Supreme Court went on to hold that "§ 1983 does <u>not</u> explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States. Nor does our reaffirmance of *Edelman* render § 1983 meaningless insofar as States are concerned. *See Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)." (emphasis added) *Quern v. Jordan*, 440 U.S. 332 (1979).

The *Quern* Court made this distinction between § 1983 and other federal laws which seemingly allowed for or demonstrated Congressional intent to override the impact of the Eleventh Amendment. For example, in the context of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., the *Quern* Court noted the "'threshold fact of congressional authorization' to sue the State as employer, because the statute made explicit reference to the availability of a private action against state and local governments in the event the Equal Employment Opportunity Commission or the Attorney General failed to bring suit or effect a conciliation agreement." *Quern*, 440 U.S. at 344 (citing *Fitzpatrick v. Bitzer*, 427 U.S. at 448 n. 1, 449 n.2, 452). This offers no exception for a § 1983 claim as is brought by Pechon here.

The issue at hand is whether Pechon stated a claim against the Department and Secretary Levine, in his official capacity, under the Civil Rights Act as codified under § 1983 for which this Court can grant relief. The Court has found that any such claim is barred here by the Eleventh Amendment.

Furthermore, to meet the *Ex Parte Young* exception in its application to a § 1983 suit, a plaintiff's suit alleging a violation of federal law must be brought against <u>individual persons in their official capacities</u> as agents of the state, and the relief sought must be <u>declaratory or injunctive in nature and prospective in effect</u>. *See Saltz v. Tennessee Dept. of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (emphasis added).[23] In the context of employment discrimination, the Fifth Circuit has held that a claim that seeks reinstatement as its relief could proceed forward against a state official because it is injunctive in nature and prospective in relief. *Nelson v. Univ. of Tex. at*

---

[23]There is no question that no § 1983 suit against the State of Louisiana through the Department of Health and Hospitals would survive even under this exception. *Alabama v. Pugh*, 438 U.S. 781 (1978); *Jones v. Performance Serv. Integrity*, 492 F. Supp.2d 590 (N.D. Tex. 2007) (no *Ex Parte Young* exception because no claim for reinstatement made against an individual defendant).

*Dallas*, 535 F.3d 318 (5th Cir. 2008); *Warnock in Sternadel v. Scott*, No. 00-50106, 2001 WL 563628 (5th Cir. May 7, 2001); *Meekins v. Foster*, No. 99-30583, 2000 WL 423356 (5th Cir. Apr. 3, 2000).

Pechon has not sought this type of prospective injunctive relief against Secretary Levine. In her motion for new trial, she suggests that she is seeking "personal liability in damages"[24] and "equitable relief" against Secretary Levine.[25] A reading of the Complaint, which is the controlling document, reflects that Pechon indicates on page one, two, and four of the Complaint that she is seeking "back-pay, front-pay and damages," for violations of the Civil Rights Act of 1871 under § 1983 and the federal and state age discrimination laws, as well as non-specific "declaratory relief under 28 U.S.C. §§ 2201 and 2202, and mandatory injunctive relief under 28 U.S.C. § 1361," and reasonable attorney's fees under 42 U.S.C. § 1988. On page four of the Complaint, she indicates that the declaratory relief sought is a finding that her termination violated the Due Process Clause and the federal and state age discrimination laws.

The only specific injunctive relief sought is that requested by Pechon under 28 U.S.C. § 1361, which provides as follows: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." There is no federal officer or employee named in this suit.

The only arguably forward-reaching relief is that for front-pay. However, it is well-settled that compensatory damages in the form of lost future wages or front-pay, are not prospective or

---

[24]The Court will postpone discussion of counsel's confusion between personal liability in an individual capacity versus official capacity until later in this opinion.

[25]Rec. Doc. No. 28-2, p. 11.

recoverable in an official-capacity action brought pursuant to § 1983. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996) (§ 1983 front pay claims are neither prospective nor equitable relief). Front-pay awards do not meet the *Ex Parte Young* exception because they are designed to compensate a plaintiff for a past violation of federal law and are usually paid from funds in the state treasury.[26] *See Landesberg-Boyle v. Louisiana*, No. 03-3582, 2004 WL 1516823, at *5 (E.D. La. Jul. 2, 2004) (citing *Id.* at 697; *Campbell v. Arkansas Dept. of Corr.*, 155 F.3d 950, 962 (8th Cir. 1998); *Freeman v. Michigan Dept. of State*, 808 F.2d 1174, 1179 (6th Cir. 1987)).

In the present case, Pechon's request for damages, including front-pay, is retroactive in nature, arising from the alleged past wrongful termination and alleged past unconstitutional conduct surrounding her termination. Nowhere in the Complaint does Pechon seek injunctive relief in the form of reinstatement or anything recognizably designed to stop a continuing violation of federal law which could be addressed by prospective injunctive relief. She also has not sought to include any in her Complaint.

For all of the foregoing reasons, the Court's Order and Reasons granting the Defendants' motion to dismiss Pechon's Complaint on the basis lack of jurisdiction and for failure to state a claim for which this Court could grant relief under Fed.R.Civ.P. 12(b)(1) and (6), was based on sound precedential law and justice dictates that the Court's ruling stand. Pechon's suit against the Louisiana Department of Health and Hospitals and Secretary Levine, in his official capacity, is barred by the Eleventh Amendment and fails to meet the exception to that doctrine under *Ex Parte Young*.

---

[26] *See* La. Rev. Stat. Ann. § 13:5108.1, requiring the state to indemnify state officials for damages awarded for violations of federal civil rights.

### d.     <u>Dismissal Without Prejudice of the Claims Barred by the Eleventh Amendment</u>

The Court notes that in granting the Defendants' Motion to Dismiss as to the Department and Secretary Levine in his official capacity, the dismissal was indicated to be with prejudice. However, because the Eleventh Amendment deprives this Court of jurisdiction over the claims against these defendants, the claims should be dismissed without prejudice. *See Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir. 1996). The Order will be so modified *sua sponte.* Fed.R.Civ.P. 60(a).

### 2.     <u>Failure to State a Claim against Secretary Levine in His Individual Capacity under § 1983</u>

Having established that Pechon cannot pursue a claim in this Court against Secretary Levine in his official capacity, the Court then examined the sufficiency of the claim, if any, urged against him in his individual capacity. The Court found that she had not. She now argues that he should be held "personally liable" in his role as secretary, because the officials within her unit of the Louisiana Department of Health and Hospitals violated her constitutional rights by failing to give her adequate notice of the reason for her dismissal and of her appeal or review rights and for her termination based on age.

First, the Court again notes that Pechon is prohibited from seeking redress for age discrimination under § 1983. It is long settled that the federal ADEA "is the sole remedy for persons who have been discriminated against based on their age." *Lafluer v. Texas Dept. of Health*, 126 F.3d 758, 760 (5th Cir. 1997). Pechon's § 1983 claim for age discrimination claim is preempted by the ADEA, which will be addressed later.

Here Pechon has also alleged a due process violation under § 1983 against Secretary Levine. To hold a state official liable, in his individual capacity, under § 1983 the plaintiff must allege that

the official "was <u>personally involved</u> in the Acts causing the deprivation of his constitutional rights or a <u>causal connection</u> exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981) (emphasis added); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). As noted in the original opinion, the Complaint is devoid of any allegation or fact to personally link Secretary Levine to the employment action taken against Pechon.

Pechon does not allege that Secretary Levine was personally engaged in the review of her employment status, the decision to fire her, the alleged delay in providing her with notice, or any other violative act mentioned in the Complaint. Instead, the claims listed under "Violations of Law" simply state that "Secretary Townsend" violated Pechon's due process rights by failing to provide notice and violated the federal and state age discrimination laws by terminating her because of her age. Whether counsel agrees or not, these are legal conclusions that are not demonstrated by any fact alleged in the Complaint. The Complaint instead states only that Pechon was given a letter terminating her employment and later received a form notice in the mail. She does not allege that the letter or form were signed by or in anyway approved or issued by Secretary Levine personally.

Instead, the Complaint clearly names Secretary Levine as "the head of the Louisiana Department of Health and Hospitals" and indicates that he "provides leadership and technical services for the agency."[27] The Complaint plainly names Secretary Levine as a figurehead. Pechon concedes that she has not sought relief under a theory of respondeat superior. As noted in the original Order and Reasons, she legally cannot do so under § 1983. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).

---

[27]Rec. Doc. No. 1, p. 2, ¶3.

Instead, it is a basic premise of civil rights litigation that, in order to hold a supervisory official, or figurehead, liable under § 1983, "if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and indicates that he is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987). A plaintiff also may establish a custom or policy based on an isolated decision made in the context of a particular situation if the decision was made by the defendants as an authorized policymaker in whom final authority rested regarding the action ordered. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Again, Pechon has not met this burden in the Complaint. She has not alleged that Secretary Levine implemented any policy or decision for the purpose of denying Pechon a constitutionally protected right. Pechon has not identified any such policy in the Complaint nor is any suggested in the instant motion for relief from judgment. The question is not whether Pechon believes that her rights were violated by someone in the Department. The question is whether the Complaint alleges a plausible basis for holding Secretary Levine himself liable as a policy-maker, since no other personal act was alleged. The Complaint does not meet that level of scrutiny.

The Complaint fails to state a claim for which relief can be granted under § 1983 against Secretary Levine in his individual capacity. The dismissal with prejudice of the § 1983 claims against him was appropriate.

3.  **Pechon Failed to State a Claim for Which Relief Can Be Granted under the Federal or State Age Discrimination Laws**

In spite of counsel's continued denial of having raised claims under the federal ADEA and Louisiana's Employment Discrimination Law ("EDL"), the Complaint clearly invokes both the federal and state statutes. The Court notes that if Pechon did not intend to raise claims under these

Acts, then there would never have been an age discrimination claim in this case at all. An age discrimination claim cannot be raised under § 1983 since the ADEA provides the exclusive remedy. *Lafleur*, 126 F.3d at 760. Because the arguments presented by counsel were, and still are, so very inconsistent with the statements in the Complaint, the Court addressed the claim in the original Order and Reasons and addresses it again here.

A plaintiff raising age discrimination under the federal ADEA must timely exhaust administrative remedies through the EEOC before pursuing the claims in federal court. 29 U.S.C. § 626(d); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725-26 (5th Cir. 2002); *Olubadewo v. Xavier Univ.*, No. 07-4587, 2009 WL 937009 (E.D. La. Apr. 6, 2009) (Filing a charge with the EEOC is a condition precedent to the filing of a an ADEA suit) (citing *Stith v. Perot Sys. Corp.*, 122 Fed. Appx. 115 (5th Cir. 2005)); *Fassbender v. Treasure Chest Casino*, No. 07-5265, 2008 WL 170071 (E.D. La. Jan. 16, 2008). The timely filing of an EEOC charge is not a jurisdictional requirement in the sense that failure to do so deprives the district court of subject matter jurisdiction, but it is akin to a limitations statute which a plaintiff must satisfy as a condition precedent to filing suit. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Cruce v. Brazosport Individual. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981) (en banc).

The Supreme Court also has held that § 14(b) of the ADEA mandates that a person cannot bring suit in federal court under § 7(c), 29 U.S.C. § 626(c), until she has first resorted to appropriate state administrative proceedings. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750 (1979). In a "deferral

state" such as Louisiana,[28] a plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct. *Fassbender*, 2008 WL 170071, at *4. If a plaintiff files a complaint in federal court alleging age discrimination but fails to first file an administrative charge alleging age discrimination, the age discrimination claims "must be dismissed." *Spears v. DSM Copolymer, Inc.*, 103 F.3d 124 (5th Cir. 1996) (per curiam).

In fact, "failure to file a charge with the EEOC within the 300-day limitations period requires dismissal of a civil action as time-barred" under the ADEA. *Fassbender*, 2008 WL 170071, at *4. Pechon concedes that she did not pursue remedies through the EEOC. She cannot bring this suit under the ADEA in this federal court without having done so. *Casey v. Livingston Parish Commc'ns Dist.*, 476 F. Supp.2d 600, 608 (M.D. La. 2007).

To the extent Pechon asserted an age discrimination claim under Louisiana's EDA, the claim must also fail as premature. Before filing a suit for relief under Louisiana's EDA, a plaintiff must first provide her employer with 30 days advance written notice of the alleged discriminatory conduct, and both parties must make a good faith effort to resolve the dispute. *Plaisance v. Airgas-Gulf States, Inc.*, No. 07-8440, 2008 WL 1730535 (E.D. La. Apr. 10, 2008) (citing La. Rev. Stat. Ann. § 23:303(C)). The failure to do so renders a suit premature and subject to dismissal. *Id.*

Pechon concedes that she filed for untimely review in the Louisiana Civil Service Commission. Without determining whether that was the appropriate review agency, as opposed to the Louisiana Commission on Human Rights provided for in the EDA, she did not timely meet the

---

[28]A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice. *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 n.1 (5th Cir. 1988). The Louisiana Commission on Human Rights has been funded and operating since April 1994, making Louisiana a deferral state since that time. La. Rev. Stat. Ann. § 51:2233. *Singleton v. RPM Pizza, Inc.*, 2004 WL 2216530, at *3, n.1 (E.D. La. 2004).

Louisiana filing deadline.[29]  Nevertheless, Pechon failed to follow-up that state filing with a pursuit of her federal remedies through the EEOC to complete administrative exhaustion before filing this federal suit.

Furthermore, notwithstanding the untimeliness of her ADEA claims, the Complaint is inadequate to state a claim for age discrimination.  In an age discrimination suit, a plaintiff must establish that she was a member of the protected age group, that she was discharged, that she was replaced by a person outside the protected age group, and that she was qualified for the job.  *Pruet Prod. Co. v. Ayles*, 784 F.2d 1275, 1279 (5th Cir. 1986).  In this case, Pechon alleges that she was 57 years old at the time of her discharge and that she was terminated.  She includes no allegation in her Complaint regarding her qualifications for the job or that she was replaced with someone outside of the protected class.[30]

For all of the foregoing reasons, as pointed to in the original Order and Reasons, Pechon failed to exhaust administrative remedies under federal or state law on which to timely proceed with a claim under the ADEA or Louisiana's EDA.  She again failed to state a claim for which relief could be granted by this Court and dismissal with prejudice under Rule 12(b)(6) was appropriate.

**C.**     **The Award of Attorney's Fees Under 42 U.S.C. § 1988 is Appropriate**

In response to the defendants' request in the motion to dismiss, the Court granted attorneys' fees, in an amount to be to determined, pursuant to 42 U.S.C. § 1988, because the Defendants prevailed on dismissal of Pechon's § 1983 claims.  Pechon now complains that the Defendants are

---

[29]*See Woodford v. Ngo*, 548 U.S. 81, 98-99 (2006) (an ADEA claim may not be brought in federal court until after commencement of a state administrative proceeding but that commencement need not be timely under state law.)

[30]Even if the state claim were to have survived dismissal under Rule 12(b)(6), the Court would not exercise its supplemental jurisdiction having dismissed all of the federal claims. *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)

not prevailing parties on the § 1983 claims and that it is unjust to require her to pay their attorneys' fees when she has been unconstitutionally wronged.

Title 42 U.S.C. § 1988, provides in pertinent for the award of attorney's fees in the following manner:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The request for fees in this case was raised only under § 1988. An award of fees in this case under § 1988 relates by statute only to the § 1983 claims and is not available in the defense of the ADEA claims. *Fassbender*, 2008 WL 170071, at *8 (attorney fees provision applicable to the ADEA mandate only that a district court award attorneys' fees to a prevailing plaintiff, unless there is a showing of bad faith by the plaintiff).

A defendant is only entitled to fees in an ADEA suit if the case meets the "bad-faith" exception for the award of fees. *Fassbender*, 2008 WL 170071, at *8-9 (citing *Flanagan v. Havertys Furniture Cos., Inc.*, 484 F. Supp.2d 580, 581 (W.D. Tex. 2006)). "The bad-faith exception does not address conduct underlying the substance of the case; rather, it refers to the conduct of the party and the party's counsel during the litigation of the case. There must be evidence of 'bad faith, improper motive, or reckless disregard of the duty owed to the court .'" The record does not demonstrate, and Defendants have not alleged, the type of bad faith on plaintiff's part during this litigation. The order will be *sua sponte* modified under Rule 60(a) to reflect this clarification.

In considering the possibility that a defendant is a prevailing party under § 1988, when a case is dismissed for reasons other than a full merits review, the Fifth Circuit has provided the following guidance:

In *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1170 (5th Cir. 1980), we concluded that a defendant was a prevailing party under § 1988 when a plaintiff's Title VII racial discrimination suit was involuntarily dismissed with prejudice for want of prosecution. We stated that:

> Although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata. As such, the [defendant] has clearly prevailed in this litigation.

*Id.* at 1169-70 (emphasis added).

*Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001) (also citing, *Scharz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 1985)). In this case, the Court finds that Secretary Levine is a prevailing party, because the § 1983 claims against him in his individual capacity have been dismissed with prejudice.

However, the Department of Health and Hospitals is not, nor is Levine in his official capacity, a prevailing party. The dismissal of the claims against the Department and Secretary Levine, in his official capacity, was based on the Eleventh Amendment immunity doctrine. A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity. *Mahogany v. Louisiana State Supreme Ct.*, 262 Fed. Appx. 636 (5th Cir. Jan. 25, 2008). When a complaint is dismissed for lack of subject matter jurisdiction, the defendant cannot be considered a "prevailing party" for purposes of § 1988. *See Hidahl v. Gilpin County Dept. of Soc. Servs.*, 699 F. Supp. 846, 849 (D. Col. 1988) (citing *Sellers v. Local 1598*, 614 F. Supp. 141, 144 (E.D. Pa.1985); *but see*, *Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) (dismissal under Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction and an award of attorneys' fees under § 1988 is appropriate to a defendant who successfully raised an Eleventh Amendment immunity defense). Nevertheless, the award of

attorney's fees with respect to Secretary Levine in his individual capacity as a prevailing party is proper.

Under § 1988, "[a] successful defendant seeking counsel fees . . . must rely on quite different equitable considerations" than a prevailing plaintiff. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 419 (1978). While Congress wanted to "'make it easier for a plaintiff of limited means to bring a meritorious suit,'" it also "wanted to protect defendants from burdensome litigation having no legal or factual basis." *Id*. at 420 (citation omitted). As such, an award of attorney's fees may be awarded to a prevailing defendant only where "the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429, n. 2 (1983); *see also*, *Hughes v. Rowe*, 449 U.S. 5, 14-16 (1980) (per curiam); *Christiansburg Garment Co.*, 434 U.S. at 421.

In the original Order and Reasons, the Court determined that Pechon's Complaint was frivolous, in light of the failure to state a claim for which relief could be granted by this Court. For purposes of § 1988, when considering whether a complaint is frivolous, a district court should look to factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial or dismissed the claims on pretrial motion. *Myers v. City of West Monroe*, 211 F.3d 289 (5th Cir. 2000) (citing *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir.1991)). The *Myers* court noted that the settlement factor was not as persuasive when dealing with cases against government entities because of the concern that settlement may encourage future suits. *Id*. at 292, n.3.

In this case, the matter has been resolved on pretrial motion demonstrating the failure to state a claim, or a prima facie case, in Pechon's Complaint. As noted, although Secretary Levine was a

named defendant, the Complaint failed to indicate any action or inaction by him personally and failed to state requisite allegations sufficient to impose individual liability upon him as a supervisory figure. Pechon also asserted age discrimination claims against him under § 1983 which are preempted by the ADEA, and therefore were frivolous and groundless. The Complaint was groundless as to Secretary Levine in his individual capacity and the award of attorneys' fees under § 1988 was proper.

Considering all of the foregoing, Pechon has failed to establish that the Court's prior order was based on manifest error of law, was unjust, or that an extraordinary basis on which to grant the motion exists under either Rule 59(a)(1)(b) or (e) or Rule 60(b)(6) under the standards set forth above.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff Bella Marie Pechon's **Motion for New Trial, Relief from Judgment, and to Set Aside Orders of Magistrate Judge (Rec. Doc. No. 28)** is hereby **DENIED**.

Having previously granted the Defendants' **Motion To Dismiss For Lack of Subject Matter Jurisdiction, Failure To State a Claim For Which Relief Can Be Granted, and Failure To Exhaust Administrative Remedies (Rec. Doc. No. 9)**,

**IT IS ORDERED** that the Court's **Order and Reasons (Rec. Doc. No. 24)** is *sua sponte* clarified and ministerially corrected pursuant to Fed.R.Civ.P. 60(a) as follows:

**IT IS ORDERED** that the Plaintiff Bella Marie Pechon's claims brought pursuant to the Civil Rights Act as codified in 42 U.S.C. § 1983 against the Louisiana Department of Health and

Hospitals and Secretary Alan Levine, in his official capacity, are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, because the claims are barred by the doctrine of Eleventh Amendment immunity.

IT IS FURTHER ORDERED that the § 1983 claims against Secretary Levine, in his individual capacity, are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted.

IT IS FURTHER ORDERED that the claims urged by Pechon pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*., and the Louisiana Employment Discrimination Act, La. Rev. Stat. Ann. § 23:311 *et seq*., are **DISMISSED WITH PREJUDICE** as untimely filed and because Pechon failed to exhaust administrative remedies.

IT IS FURTHER ORDERED that the Defendants' request for attorney's fees pursuant to 42 U.S.C. § 1988 is **GRANTED** and reasonable attorneys' fees are awarded to Secretary Alan Levine, as a prevailing party in his individual capacity. Said motion to set that reasonable amount is already pending before the Court on the briefs.

New Orleans, Louisiana, this 14th day of July, 2009.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**