UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BELLA MARIE PECHON                              CIVIL ACTION

VERSUS                                          NO:     08-0664

LOUISIANA DEPARTMENT OF                         SECTION: "K" (4)
HEALTH AND HOSPITAL, ET AL.

**ORDER**

Before the Court is a **Motion to Award Attorney's Fees and Costs (R. Doc. 31)** filed by Defendant, Alan Levine ("Levine") in compliance with the Court's **Orders (R. Docs. 29 & 30)** on a Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to State a Claim for Which Relief Can be Granted and Failure to Exhaust Administrative Remedies (R. Doc. 9), filed by Louisiana Department of Health and Hospital and Alan Levine (collectively "the Defendants"). Plaintiff, Bella Marie Pechon ("Pechon"), filed Plaintiff's Opposition to Motion by Defendant Alan Levine for Attorney-Fees and Objection to Order of July 14, 2009. (R. Doc. 32). The motion was heard without oral argument on Wednesday, August 19, 2009.

**I.     Background**

On January 1, 2009, the Defendants were awarded attorneys fees which were incurred as a result of Pechon's pursuit of frivolous claims against the Defendants in spite of apparent defects that should have prevented her from filing the lawsuit. (R. Doc. 24, p. 15.) On January 20, 2009, the Defendants filed a Motion for Attorney Fees seeking to fix attorney's fees in the amount of

$12,205.50. (R. Doc. 25, p. 1.)

However, on July 14, 2009, the Court issued an Order finding that Levine was a prevailing party under § 1988 because the § 1983 claims against him, in his individually capacity, were dismissed with prejudice. (R. Doc. 29, p. 27.) Therefore, the Court found that Levine, in his individual capacity, was entitled to attorney's fees under § 1988. (R. Doc. 29, p. 29.) On the other hand, the Court found that neither the Department of Health and Hospital nor Levine, in his official capacity, were entitled to attorney's fees because they were not prevailing parties under § 1988. (R. Doc. 29, p. 27.)

Based on the July 14, 2009, Order, the Court issued an Order denying the Defendants Motion for Attorney's Fees (R. Doc. 25). (R. Doc. 30.) The Court explained that the July 14, 2009, Order clarified that the Defendants' request for attorney's fees under § 1988 was granted on a limited basis, and that only Levine, in his individual capacity, was entitled to attorney's fees. (R. Doc. 30, pp. 1-2.) The Court therefore ordered Levine only to submit a new motion to fix attorney's fees in accordance with the Court's July 14, 2009, Order. (R. Doc. 30, p. 2.)

In his memorandum in support of his Motion for Attorney's Fees, Levine argues that his counsel logged over 60 hours defending Levine, a significantly reduced number from the 144 hours spent by counsel defending all parties. (R. Doc. 31-2, p. 4.) Levine further argues that his counsel, Assistant Attorney General Tunde M. Animashaun ("Animashaun"), charges a reasonable rate under *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 868-69 (E.D. La. 2007). (R. Doc. 31-2, p. 4.) Animashaun, who claims to have 20 years of experience, charges $115.00 per hour. (R. Doc. 31-2, p. 4.) Accordingly, Levine asks the Court to award $6,900.00 as reasonable attorney's fees in this matter.

2

In response, counsel for Pechon argues that counsel for Levine and the Undersigned Judge are mistaken about the law and its application to this matter. (R. Doc. 32.) Counsel for Pechon argues that state officials may be liable in their individual capacities under § 1983 for actions taken in their official capacity. (R. Doc. 32, p. 3 (citing *Hafer v. Melo*, 502 U.S. 21, 26-29 (1992).) Counsel for Pechon argues that on the issue of attorney's fees, *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412 (1978), should govern and that the Court has not applied the standard in this case. (R. Doc. 32, pp. 4-6.) Counsel for Pechon therefore asks that the Court vacate and set aside its July 14 and July 24, 2009, Orders and deny the award of attorney's fees.

Although the Court has already ruled on the issue of whether attorney's fees are appropriate in this case in its July 14, 2009, Order (R. Doc. 29), the Court will briefly address Pechon's argument that *Christiansburg Garment Co.* should apply. In *Christiansburg*, the Supreme Court found that a successful defendant was entitled to attorney's fees "'only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.'" 434 U.S. at 421 (quoting *Carrion v. Yeshiva Univ.*, 535 F.2d 722, 727 (2d Cir. 1976)). In the Court's July 14, 2009, Order, the Court laid out this standard citing *Christianburg Garment Co.*, and then went on to find that the claims against Levine were frivolous as to Levine in his individual capacity. (R. Doc. 29, pp. 28-29.)

The Court notes that the only issue in this motion is whether the fees alleged by Levine are reasonable. In deciding whether fees are reasonable, the Court considers whether the number of hours expended on the matter and the rate charged for the work are reasonable. *See Hensley v. Ecekerhart*, 461 U.S. 424, 433 (1983). At no point in his opposition to Levine's motion for attorney's fees does counsel for Pechon address either of these considerations. (*See generally* R. Doc. 32.) Instead, counsel for Pechon dedicated his response to issue already ruled on by this Court

3

in previous Orders.

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley*, 461 U.S. at 433. The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## II. Analysis

### A. Calculating a Reasonable Hourly Rate

Canon seeks to recover fees for services rendered by Animashaun in defending Levine in this

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

matter. Animashaun is an Assistant Attorney General and his hourly rate is $115.00. (R. Doc. 31-2, p. 4.)

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. June 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should

5

consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

Here Animashaun provided an individual affidavit as required by the lodestar. (R. Doc. 31-3). According to the affidavit, Animashaun is employed by the Louisiana Department of Justice as an Assistant Attorney General and was appointed lead counsel in this matter. (R. Doc. 31-3, ¶ 1.) In his memorandum in support of the motion, Animashaun indicates that he has twenty years of legal experience. (R. Doc. 31-2, p. 4.) After considering Animashaun's approximately 20 years of legal experience and his hourly rates of $115.00 per hour, the Court finds that his requested rates are within the range of the prevailing market rates previously found by this Court and by other courts in this District. Further, the Court notes that Pechon does not dispute the reasonableness of Animashaun's hourly rates.

Animashaun does not cite any cases dealing with attorney's fees for government attorney's, and the Court was not able to locate any cases in the Eastern District dealing with the issue. However, a case in the Northern District of Texas, *SEC v. AmeriFirst Funding, Inc.*, indicates that the government should be able to recover a reasonable attorney's fee "'for its attorney's work calculated at the same rate that the attorney would be compensated by the prevailing local economy.'" No. 3:07-CV-1188-D, 2008 WL 2185193, at *2 (N.D. Tex. May 27, 2008) (quoting *United States v. Big D Enters., Inc.*, 184 F.3d 924, 936 (8th Cir. 1999)).

Based on this case, and after reviewing the prevailing market rates for legal services in this area from the case law, the Court concludes that a rate of $115.00 is appropriate and reasonable for Animashaun's work in defense of Levine *See Millon v. Johnston*, No. Civ.A. 98-2235, 1999 WL 358968, at *5 (E.D. La. May 28, 1999) (finding rates of $150.00 per hour for non-profit attorneys

with ten or more years of experience and $135.00 per hour for non-profit attorneys with five to ten years of legal experience reasonable in a case dealing with plaintiff's request for attorney's fees under § 1988).

### B. Determining the Reasonable Hours Expended

Levine contends that Animashaun spent a total of 60 hours in defense of Levine and notes that this is a significantly reduced number from the 144 hours on the billing statement. (R. Doc. 31-2, p. 4.) He further claims that the total attorney's fees billed equal a fee amount of $6,900.00. (R. Doc. 31-2, p. 6).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Levine contends that the total number of hours spent by Animashaun in his defense was 60

7

hours. The Court finds that based on the billing statement submitted by Animashaun, the number of motions filed, and the complexity of the case, the time spent by Animashaun in defense of Levine was reasonable. The billing statement reflects 144 hours of work on the case by Animashaun. (R. Doc. 31-6, Ex. A.)

As the billing statement reflects, much of the work completed in defense of both Defendants would still have been necessary to defend Mr. Levine in his individual capacity, and therefore, a reduction from 144 hours for defense of both Defendants to 60 hours for Levine individually is reasonable. Furthermore, Pechon does not contest the reasonableness of the time spent by Animashaun in defense of Levine. The Court therefore finds that the sum of $6,900.00 is a reasonable fee for Animashaun's defense of Levine in his individual capacity in this matter.[2]

### C. <u>Adjusting the Lodestar</u>

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

---

[2] The reasonable attorney's fee was determined by multiplying Animashaun's hourly rate of $115.00 by the 60 hours spent on the defense of Levine.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Alan Levine's **Motion to Award Attorney's Fees and Costs (R. Doc. 31)** is hereby **GRANTED**. The Court finds that a total fee of $6,900.00 is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Bella Marie Pechon shall satisfy its obligation to Levine no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 20th day of October 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**